IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**DERIUS HARRIS, RAY MARSHALL, AND FREDERICK MALONE,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED**                                                    **PLAINTIFFS**

**V.**                        **CIVIL ACTION NO. 3:12-CV-542-CWR-LRA**

**HINDS COUNTY, MISSISSIPPI D/B/A
HINDS COUNTY SHERIFF'S DEPARTMENT,
MALCOLM MCMILLAN AND TYRONE LEWIS
IN THEIR OFFICIAL CAPACITIES
AS THE FORMER AND CURRENT SHERIFFS OF
HINDS COUNTY, MISSISSIPPI**                                              **DEFENDANT**

**FIRST AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

     **COME NOW** the Plaintiffs, Derius Harris, Ray Marshall and Frederick Malone, individually and on behalf of all others similarly situated, and files this action to recover damages for violations of their rights under the Fair Labor Standards Act against the Defendant, Hinds County, Mississippi d/b/a Hinds County Sheriff's Department, Malcolm McMillan and Tyron Lews in their official capacities as the current and former sheriffs of Hinds County, Mississippi. In support of this cause, the Plaintiffs would show unto the Court the following facts to-wit:

**PARTIES**

     1.     The Plaintiff, Derius Harris, is an adult African-American male resident of Hinds County, Mississippi, residing at 2414 Powers Avenue, Jackson, MS 39213.

     2.     The Plaintiff, Ray Marshall, is an adult African-American male resident of Hinds County, Mississippi, residing at 1595 W. Highland Drive, Apt. B-106, Jackson, MS 39204.

3. The Plaintiff, Frederick Malone, is an adult African-American male resident of Hinds County, Mississippi, residing at 962 Southvalley Falls, Jackson, MS 39204.

4. Defendant, Hinds County, Mississippi d/b/a Hinds County Sheriff's Department, Malcolm McMillan and Tyrone Lewis in their official capacity as the former sheriff of Hinds County, Mississippi may be served with process of this Court by serving Mr. Tyrone Lewis, Hinds County Sheriff, at 407 East Pascagoula Street, Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction and venue is proper pursuant to 29 U.S.C. § 216(b).

## STATEMENT OF THE FACTS

6. Plaintiffs and all other similarly situated individuals have been employed with Defendant as non-supervisory employees in the past three years.

7. Defendant has not paid Plaintiffs and all other similarly situated individuals all overtime wages owed to them.

8. Defendant has adopted a compensatory time policy that is improper under the Fair Labor Standards Act.

9. Compensatory time must accrue at the rate of not less than one and a half hours for each hour of overtime work, just as the monetary rate for overtime is paid at the premium rate of not less than one and a half times the regular rate of pay. 29 U.S.C. § 207(o)(1); 29 C.F.R. § 553.20.

10. However, Defendant's illegal compensatory time policy only gives employees compensatory time at a rate of one hour for each hour of overtime work.

11. Employees who are engaged in public safety, emergency response, or seasonal activities may not accrue more than 480 hours of compensatory time. 29 U.S.C. § 207(o)(3)(A); 29 C.F.R. § 553.22

12. However, Defendant's illegal compensatory time policy has no limits on how much compensatory time may be given in lieu of overtime wages.

13. Upon separation of employment, the employer must cash out the employee's accrued unused compensatory time earned. 29 U.S.C. § 307(o)(4).

14. However, Defendant has consistently not paid employees for all compensatory time earned upon their separation of employment.

15. The Department of Labor's regulations also require Defendant to keep accurate records of compensatory time that is earned and used by employees. 29 C.F.R. § 553.50.

16. However, Defendant has consistently not kept accurate records regarding compensatory time for Plaintiffs and all others similarly situated, which has caused Plaintiffs and all others similarly situated to not given the proper amount of compensatory and/or overtime wages that are due to them.

## CAUSES OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. Plaintiffs and other similarly situated individuals were non-exempt employees and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiffs were entitled to overtime pay for all overtime hours worked.

18. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate

at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

19. Plaintiffs and other similarly situated employees have not been paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay.

20. Plaintiffs and other similarly situated employees have not been paid minimum wage for every week that they worked for Defendant.

21. The acts of the Defendant constitutes a willful intentional violation of the Fair Labor Standards Act.

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully pray that upon hearing of this matter by a jury, the Plaintiffs be granted the following relief in an amount to be determined by the jury:

1. Overtime wages;
2. Liquidated Damages;
3. Attorney fees;
4. Costs and expenses; and
5. Any other relief to which he may be properly entitled.

THIS the 5th day of October 2012.

Respectfully submitted,

By: /s Nick Norris
Louis H. Watson, Jr.  (MB# 9053)

        Nick Norris (MB#101574)
        Attorneys for Plaintiffs

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
628 North State Street
Jackson, Mississippi 39202
Telephone: (601) 968-0000
Facsimile:   (601) 968-0010
Email: louis@louiswatson.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for Plaintiff, do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via ECF filing or by United States Mail with postage fully prepaid thereon to all counsel of record:

SO CERTIFIED, this the 5th day of October, 2012.

        s/ Nick Norris
        NICK NORRIS