IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DERIUS HARRIS, RAY MARSHALL, AND FREDERICK
MALONE, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED                                                        PLAINTIFFS

V.                                                 CIVIL ACTION NO. 3:12-cv-00542-CWR-LRA

HINDS COUNTY, MISSISSIPPI D/B/A
HINDS COUNTY SHERIFF'S DEPARTMENT,
MALCOLM MCMILLAN AND TYRONE LEWIS
IN THEIR OFFICIAL CAPACITIES AS THE
FORMER AND CURRENT SHERIFFS OF HINDS
COUNTY, MISSISSIPPI                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING CLASS CERTIFICATION

This cause is before the Court on the Plaintiffs' Motion for conditional certification and an order to permit court-supervised opt-in notice to potential plaintiffs under Section 16(b) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b). This case involves compensation policies for non-supervisory employees of the Hinds County Sheriff's Department and the former and current sheriffs of Hinds County, Mississippi ("Defendants"). Employees at the Sheriff's Department claim that they are and have been denied overtime pay in violation of the FLSA. 29 U.S.C. § 201. The aggrieved employees seek to bring a collective action against their employer. Applying the Fifth Circuit's "fairly lenient" standard, the Plaintiffs have shown that there are additional aggrieved individuals who are similarly situated and desire to opt in to the lawsuit. Therefore, the motion to permit court-supervised opt-in notice is granted and the class will be conditionally certified for the purposes of discovery.

### FACTUAL BACKGROUND

Plaintiffs Derius Harris and Ray Marshall, along with opt-in Plaintiff Frederick Malone, filed this lawsuit against the Defendants seeking to recover unpaid overtime compensation under

the FLSA, 29 U.S.C. §§ 201-219. Plaintiffs were correctional officers employed by the Hinds County Sheriff's Department in non-supervisory positions within the last three years. Each has filed an affidavit which articulates the same violations alleged in the Complaint, namely, in part, that they and other similarly situated non-supervisory employees were not paid all overtime wages owed [as mandated by the FLSA]; that Defendants had a compensatory time policy which only gave employees compensatory time at a rate of one hour for each hour of overtime worked; that Defendants did not pay for all compensatory time earned when the employees' employment ended; that Defendants did not keep accurate records regarding compensatory time for them and other employees; and that, at the beginning of their shift, they were required to attend a fifteen-minute meeting with Defendants' management and other employees prior to clocking in. They state that they were never compensated for the time spent in these meetings.

The aggrieved workers seek to become party plaintiffs and represent a class of similarly situated employees under the FLSA. Plaintiffs' proposed class would consist of "all non-supervisor employees who performed work for Defendants three years from the date Plaintiffs' complaint was filed to present." Pl's Motion to Certify Class, Docket No. 25 (hereinafter "Motion").[1] The Defendants oppose the motion, arguing that the Plaintiffs have failed to meet the burden of a modest factual showing that they and other potential opt-in plaintiffs were "similarly situated" victims of a common policy or plan that violated the FLSA.

**LEGAL STANDARD**

The FLSA requires covered employers to compensate non-exempt employees at overtime rates when they work in excess of the statutorily defined maximum number of hours. 29 U.S.C.

---

[1] At points throughout their supporting memorandum, *see* Docket No. 26, Plaintiffs describe themselves as "current and former satellite technicians," "installers/technicians," and "valets and valet captains." *Id*. at 2, 4 and 8. It is obvious that these are not the plaintiffs in this case and these descriptions apparently have been transported from some other litigation. While counsel would do well to remedy these errors in advance of submitting their pleadings to the court, they do not affect the analysis below.

§ 207(a). If they are unlawfully denied overtime, Section 16(b) of the FLSA permits an employee to bring suit against an employer "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs who desire to join in a "collective action" must "opt in" to the case and be bound by a judgment, unlike plaintiffs in a Rule 23 class action who must essentially "opt out." *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 399 (E.D. Tex. 1999). District courts have discretion in determining whether to order court-supervised notice to prospective plaintiffs. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).[2]

The *Lusardi*[3] method is recognized as "the favored approach by courts in the Fifth Circuit."[4] *Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866, 871 (S.D. Tex. 2007) (citing *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 509 (M.D. La. 2005)). The approach

---

[2] While *Hoffmann-La Roche* involves an action under the Age Discrimination in Employment Act ("ADEA"), its analysis of Section 216(b) remains on point because the ADEA explicitly incorporates Section 216(b) of the FLSA through 29 U.S.C. § 626(b). *Id.* at 167 ("[T]he ADEA incorporates enforcement provisions of the Fair Labor Standards Act of 1938 . . . and provides that the ADEA shall be enforced using certain of the powers, remedies, and procedures of the FLSA."); *see also Strickland v. Hattiesburg Cycles, Inc.*, No. 2:09-CV-174-KS-MTP, 2010 WL 2545423, at *1 n.2 (S.D. Miss. June 18, 2010).

[3] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

[4] Courts presently follow two different approaches in determining whether to authorize notice to employees of their right to join a collective action suit under FLSA Section 216(b). *Ali v. Sugarland Petroleum*, No. 4:09-cv-0170, 2009 WL 5173508, at *2 (S.D. Tex. Dec. 22, 2009). The first approach was developed in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and involves a two-step process to determine whether employees are similarly situated. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003)). The second approach follows *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990), and treats the collective action authorization as coextensive with Rule 23 class certification. *See Villatoro v. Kim Son Rest.*, 286 F. Supp. 2d 807, 809 (S.D. Tex. 2003). The Fifth Circuit has not yet "ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010). Despite this uncertainty, district courts in this circuit follow the *Lusardi* approach rather than the *Shushan* approach. *See, e.g.*, *Ali*, 2009 WL 5173508, at *2; *Maynor v. Dow Chem. Co.*, No. G-07-0504, 2008 WL 2220394 (S.D. Tex. May 28, 2008); *Villatoro*, 286 F. Supp. 2d at 810; *Gatewood v. Koch Foods of Miss., LLC*, No. 3:07-cv-82-KS-MTP, 2009 WL 8642001, at *12 (S.D. Miss. Oct. 20, 2009).

The application of *Lusardi* is consistent with the Fifth Circuit's conclusion in *LaChapelle v. Owens-Illinois, Inc.* that "[t]here is a fundamental, irreconcilable difference between the class action described by [Federal Rule of Civil Procedure] 23 and that provided for by FLSA § 16(b) [29 U.S.C. § 216(b)]," namely the "opt out" procedure for class members under Rule 23 as contrasted with the "opt in" procedure under Section 216(b). 513 F.2d 286, 288 (5th Cir. 1975); *see also Donovan v. Univ. of Tex. at El Paso*, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The statutory framework of enforcement procedures of the FLSA and those of Title VII are crucially different, but this difference highlights even more why Rule 23 is not needed in FLSA suits. The FLSA procedure, in effect, constitutes a congressionally developed alternative to the F.R. Civ. P. 23 procedures."). The Fifth Circuit recently referred to the two step approach as the "typical[ ]" manner in which collective actions proceed. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 646-47 (S.D. Tex. 2010) (quoting *Sandoz*).

was first applied by the Fifth Circuit in *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). *Lusardi* advises a two-step certification analysis: (1) the notice stage, and (2) the "opt-in," "merits," or decertification stage.

In the notice stage, the Court determines whether a conditional class should be certified. Under the *Lusardi* method, the court "makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Svcs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). The court makes this determination using "a fairly lenient standard" because of the "minimal evidence" available at that stage. *Id*. at 1214. Plaintiffs can achieve notice with "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id*. at 1214, n.8. If the Court decides to conditionally certify the class, putative class members are given notice, an opportunity to opt in to the litigation, and adequate time for discovery. *Id*. at 1214; *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007). The Court then reexamines the class after this period. "If the Court finds that the class is no longer made up of similarly situated persons, then it may decertify the class. This inquiry is usually conducted upon a motion filed by the Defendant." *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002).

Because the Plaintiffs have moved for court-supervised opt-in notice, this Court analyzes the motion under the "fairly lenient standard" identified in *Mooney*. At this stage, a plaintiff must make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the

plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007). The lenient standard requires at least a "modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *4 (S.D. Tex. Jan 24, 2007) (citation omitted). Only at the second stage, at the close of discovery, does the Court make a "factual determination" as to whether the class members are similarly situated. *Mooney*, 54 F.3d at 1214.

  A class of plaintiffs can be conditionally certified for notice despite some level of heterogeneity. The positions compared "need not be identical, but similar" with respect to their "job requirements and with regard to their pay provisions." *Aguilar v. Complete Landsculpture, Inc.*, No. CIV.A.3:04 CV 0776 D, 2004 WL 2293842 (N.D. Tex. Oct. 7, 2004); *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 824-25 (N.D. Tex. 2007). A court can authorize certification if it finds "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particularly alleged policy or practice." *Salinas-Rodriguez v. Alpha Svcs., L.L.C.*, No. 3:05-CV-44-WHB-AGN, 2005 WL 3557178, at *3 (S.D. Miss. Dec. 27, 2005) (citing *Villataro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003)). Although plaintiffs bear the burden of proof to make this factual nexus showing, this is a "fairly lenient standard" due to the lack of evidence available during the first stage. *Mooney*, 54 F.3d at 1214. Instead, a court decides whether to conditionally certify "based only on the pleadings and any affidavits which have been submitted." *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 508 (M.D. La. 2005). However, a court should "deny plaintiffs' right to proceed

5

collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id*. at 507.

### APPLICATION AND ANALYSIS

#### A.  Evidence That Other Individuals Desire to Opt In to the Lawsuit

Plaintiffs request that the Court conditionally certify this case as a collective action on behalf of all "'non-supervisory employees' who performed work for Defendants three years from the date Plaintiffs' complaint was filed to present."  Motion, at 1.  Defendant contends that Plaintiffs have failed to show that other employees, or potential opt-in plaintiffs, have an interest in joining the case, despite having had time to engage in discovery.  Def's Resp. in Opp., Docket No. 28 (hereinafter "Response"), at 6.  They argue that the Plaintiffs have not provided evidence that other aggrieved individuals would join the lawsuit because the Plaintiffs have "failed to identify other potential plaintiffs and submit affidavits from such plaintiffs."  *Id*. at 4.  The Plaintiffs dispute there is any such requirement in determining whether to grant a motion for collective action under the governing law.

In *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991), a case on which the Defendants rely in their memorandum, *see* Response, at 7, the Eleventh Circuit ruled that, before conditionally certifying a class, "the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions."  Although some district courts outside of the Eleventh Circuit have adopted *Dybach*'s "desire to opt in" requirement, no other circuit court has adopted this requirement, and the Fifth Circuit has not addressed this factor.  *See Gortat v. Capala Bros., Inc.*, No. 07–CV–3629 (ILG), 2010 WL 1423018, at *10 (E.D.N.Y. Apr. 9, 2010); *Simmons v. T-Mobile USA,*

*Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007). As the court in *Simmons* which considered this factor noted, "Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether the putative class members were together the victims of a single decision, policy, or plan." 2007 WL 210008, at *9 (internal quotation marks omitted). However, they are not required. *Id*. ("Affidavits *per se* are not required and a named plaintiff may submit some other form of evidence that the additional aggrieved persons exist and want to join the suit."); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010). The best way to determine whether a party is interested in joining a lawsuit is to send her notice and allow her to opt in. Indeed, requiring that multiple potential class members affirm their intention to join the suit before notice is issued would require plaintiffs or their counsel to solicit opt-in plaintiffs without the benefit of court-approved notice – which defeats the purpose of this stage of the litigation. *See, e.g*, *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007); *Delgado v. Ortho-McNeil, Inc.*, 2007 WL 2847238, at *2 (C.D. Cal. Aug. 7, 2007) (declining to apply interest requirement because the notice stage is designed to provide notice to potential opt-in plaintiffs who are unaware of the case); *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 799 (E.D. La. 2007) (finding that affidavits from additional employees were not required at the early stage because the court could "revisit the question later after some discovery"); *Prater v. Commerce Equities Mgmt. Co., Inc.*, CIV.A. H-07-2349, 2007 WL 4146714, at *8 (S.D. Tex. Nov. 19, 2007) (finding that issuance of notice was warranted where additional plaintiffs joined initial legal action and the allegation that there were at least twenty potential plaintiffs showed "that at least a few similarly situated individuals seek to join the lawsuit") (citation omitted).

To the extent that the factor has been considered, courts which have found insufficient evidence to support a desire of other aggrieved individuals to opt in involve cases where plaintiffs did not submit affidavits. *See, e.g.*, *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983) (affirming denial of certification where the plaintiffs failed to present either affidavits of potential opt-in class members or any evidence whatsoever that there were other aggrieved employees, and "counsel's unsupported assertions that FLSA violations were widespread and that additional plaintiffs would come from other stores" were insufficient); *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995) (affidavits are advisable so an employer should "not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense").

In this case, however, the named Plaintiffs and the opt-in Plaintiff point to a single policy and have each submitted affidavits which make the same allegations including failure to pay overtime wages owed, the use of an improper compensatory time policy, and non-payment for hours worked off the clock. Docket Nos. 25-2; 25-3; 25-4. Indeed, as another court found on similar facts, "the filing of three opt-in notices provides strong evidence that others desire to join the class." *Carmody v. Fla. Ctr. for Recovery*, No. 05-14295-CIV, 2006 WL 3666964, at *3 (S.D. Fla. Nov. 8, 2006). These affidavits along with allegations in the complaint have satisfied the Court that there are other plaintiffs who desire to opt in and who are similarly situated. *See Dybach*, 942 F.2d at 1567-68; *Simmons*, 2007 WL 210008, at *9 (discussing and citing authority for the requirement that there should be a showing "that at least *a few* similarly situated individuals seek to join the lawsuit") (emphasis added); *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 374 (E.D.N.Y. 2008) (finding that allegations in complaint are sufficient to support collective action).

B.  Whether Proposed Class Members Meet "Similarly Situated" Requirement

    1.  Job Responsibilities

Potential class members are considered similarly situated to the named plaintiff if they are "similarly situated in terms of job requirements and similarly situated in terms of payment provisions."  *Ryan*, 497 F. Supp. 2d at 825 (citing *Dybach*, 942 F.2d at 1567-68).  The positions "need not be identical" for conditional certification.  *Pedigo v. 3003 South Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009).  If the job duties among putative class members vary significantly, however, then class certification should be denied.  *See, e.g.*, *Dreyer*, 2008 WL 5204149, at *3 ("As long as plaintiffs are able to show that other employees are similarly situated, the lack of a common decision, policy, or plan should not be fatal.") (internal quotation marks omitted); *Aguirre v. SBC Commc'ns, Inc.,* No. H-05-3198, 2007 WL 772756, at *9 (S.D. Tex. Mar. 12, 2007).

Defendants oppose certification, claiming that the proposed class is "overly broad" because it includes employees that have different job responsibilities than the Plaintiffs.  The Plaintiffs and the opt-in Plaintiff are all detention officers.  The class that they have proposed, which they define as "all non-supervisor employees," would include, according to the Defendants, persons in positions other than detention officers, such as medical staff, maintenance, and office personnel.  Response, at 8.  The Defendants argue that class certification should be denied because the duties of the potential class members vary significantly, or in the alternative, that the potential class members should be limited only to detention officers.

In this case, the potential class members would all be similarly situated to the extent that they were subject to the same compensatory time policy and worked in non-exempt positions as Plaintiffs allege.  While the current named Plaintiffs were employed as detention officers for the

Defendants, the fact that they have different job duties than other non-supervisory employees that are not detention officers such as secretaries, bookkeepers, janitors, bailiffs and deputies, would not make them any less similarly situated to those non-supervisory employees. "Whether at the notice stage or on later review, collective action certification is not precluded by the fact that the putative plaintiffs performed various jobs in differing departments and locations." *Donohue v. Francis Servs., Inc.*, No. Civ.A. 04-170, 2004 WL 1161366, at *2 (E.D. La. May 24, 2004). The Court recognizes the differences among the job duties of the potential class members. But "the terms of the FLSA's collective action provision allow for differences. To pursue claims against an employer, plaintiffs must be *similarly situated*. They do not have to be *identically situated*." *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201; 05-6627, 2007 WL 5200224, at *9 (E.D. La. Aug. 21, 2007) (emphasis in original). The potential class as framed by the named plaintiffs has already limited the class to non-supervisory positions, which excludes all employees of the Department who work or have worked in a supervisory capacity during the relevant period. To the extent that the potential class members were subject to different pay provisions, it is more appropriate to make those distinctions after notice has been issued and further discovery has taken place. Finally, the Defendant has not alleged or provided any evidence that other non-supervisory employees were subject to different compensatory time or overtime policies than the current named plaintiffs or detention officers in general. Thus, there is currently no basis to limit the potential class only to detention officers.

      2. Subject to Same Illegal Pay Plan or Scheme

The Defendants argue that the Plaintiffs' proposed class is "overly broad" because they have only submitted affidavits from detention officers, which they claim suggests that "only detention officers appear to be affected by the FLSA allegations." Response, at 9. They also

10

argue that the proposed notice does not allege an illegal compensatory plan or overtime plan in violation of the FLSA.  Thus, the allegations are insufficient to establish that the Plaintiffs and proposed class members were subject to the same illegal pay plan or scheme.  Plaintiffs contend that they have alleged that the Defendants have adopted an illegal compensatory time and overtime policy and that it applies to all non-supervisory employees.

Based on the documents currently submitted, the Court finds that the Plaintiffs have met the fairly lenient standard for court-supervised notice identified in *Mooney*.  The Defendant would have the Court indulge in a fact finding determination on the merits of whether the alleged payment practices took place and whether the putative plaintiffs conclusively are similarly situated.  Neither of these determinations is proper at this point; the Plaintiff's complaint, motion, and supporting affidavits all allege facts sufficient to satisfy the Court's inquiry at this early stage of the litigation.  *Leuthold v. Destination America*, 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); *Goldman v. Radioshack Corp.*, No. Civ.A. 2:03-CV-032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); *Felix De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by the Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question.").

Utilizing the "fairly lenient" standard to be employed at this stage of the litigation, the Court is persuaded that the Plaintiffs' motion for conditional certification should be granted. The Plaintiffs are similarly situated to potential collective action members. The named plaintiffs and putative collective action members are current and former employees of the Defendants who allege that the Defendants failed to pay them time and one half their regular rates of pay for hours worked over forty (40) in a workweek. They allege that the Defendants have adopted an improper compensatory time policy that does not account for all hours worked, does not give compensatory time at the proper rate, has no limit as to the amount of compensatory time that can be given, and does not pay all overtime wages owed when an employees' employment is ended. This factual nexus arising from an alleged violation of the FLSA is satisfactory for purposes of a conditional certification. Finally, in connection with the motion to certify, Plaintiffs have submitted affidavits and other documentary evidence in support of these allegations.

"In making this decision, the court is aware that discovery may show that certain plaintiffs are not similarly situated, and if this is the case, the court can decertify the class or can create subclasses." *King. v. Koch Foods of Miss., LLC*, No. 3:06-CV-301-TSL-JCS, 2007 WL 1098488, at *4 (S.D. Miss. Apr. 10, 2007) (citing *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 484 (E.D.N.Y. 2001) ("If, at a later point in the litigation, the Court finds that a collective action cannot accommodate the proposed individual defenses, the Court has the discretion to create subclasses or to dismantle the collective action.")); *White v. NTC Transp., Inc.*, No. 4:11-CV-007, 2013 WL 5874566, at *2 (N.D. Miss. Oct. 31, 2013) (court may decertify class following discovery when the court has more information and must look beyond the pleadings and

affidavits and make its determination in light of all information gathered during post opt-in discovery).

Given these facts, and the lenity with which conditional certification decisions must be made under *Mooney*, the Court approves the issuance of notice of the suit and finds that an FLSA class should be conditionally certified to include:

> **Non-supervisory employees who worked for or are working for Defendants and were not paid overtime within the three years prior to the Complaint being filed.**

The Defendant has contested the Notice, arguing that the proposed notice does not include the following: 1) the alleged FLSA violation of an improper compensatory time policy as stated in the Plaintiffs' complaint, *see* Complaint, Docket No. 1, at ¶¶ 7-15, 17-18 (outlining FLSA claims based on Defendants' compensatory time policy); and 2) any specific illegal overtime plan. The Plaintiff argues that the Defendants have not provided any authority which requires that the Notice mention compensatory time, but it is willing to modify the proposed notice to include this language.

In motions for conditional certification of FLSA collective actions, the Supreme Court has declined to determine what form court-approved notice must take or its contents and instead has delegated these tasks to the district court's broad discretion. *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989) ("Because trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute, it lies within the discretion of the district court to begin its involvement early, and at the point of the initial notice, rather than at some later time."); *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010) (exercising discretion to resolve disputes over whether proposed notice "serves to inform prospective class members of their ability to join the lawsuit" and recommending modifications to the language).

The Court has determined that the Plaintiffs' proposed notice has clearly stated the allegation that the Defendants' overtime policy violates the FLSA. *See* Notice, Docket No. 25, Ex. A, § 2 ("This case involves the allegation that non-supervisor employees were denied overtime compensation when they worked more than forty (40) hours in a work week in violation of the Fair Labor Standards Act."). No further specificity is required. The Court, however, deems it appropriate for the Notice to refer to the alleged improper compensatory time policy, in accordance with the Defendants' objection. Therefore, the Court approves the proposed Notice attached at Docket No. 26, Exhibit A, with the exception that the parties will determine the proper language to reflect the Plaintiffs' allegations of the use and implementation of a compensatory time policy which does not comply with the FLSA.

**CONCLUSION**

For the reasons discussed above, it is hereby **ORDERED** as follows:

1) Plaintiffs' motion to certify a collective class of persons "similarly situated" pursuant to Title 29 U.S.C. 216(b) is GRANTED, for the limited purposes of notice and discovery only. At this preliminary stage, sufficient evidence exists to warrant a determination that the Plaintiffs are "similarly situated" for purposes of class certification; additional discovery will guide the Court in determining whether a collective action is appropriate at all, and if so, whether the prospective class should be further limited;

2) Defendants are ORDERED to disclose the names, last known addresses, email addresses, and last four digits of the individual's social security number of the Potential Plaintiffs to Plaintiffs' counsel, according to the terms of the Notice. This information shall be provided within twenty-one (21) days from the entry of the Court's Order and in usable electronic form to reduce any delays in sending out the Notices; and

3) The parties are ORDERED to jointly submit to the Court, no later than fourteen (14) days from entry of this Order, a proposed notice to potential class members, revised in accordance with all aspects of this Court's order.

4)  Within five (5) days of Court approval of the Notice, the parties shall contact the Chambers of the Magistrate Judge for purposes of entering a revised scheduling order.

SO ORDERED this the 4th day of February, 2014.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE