**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| DERIUS HARRIS, ET AL, on behalf of themselves and all others similarly situated ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 3:12-CV-542-CWR-FKB |
| HINDS COUNTY, MISSISSIPPI, ET AL ) ) | |
| Defendants. ) | |

**STIPULATION OF COLLECTIVE ACTION SETTLEMENT AND RELEASE**

This Stipulation of Collective Action Settlement and Release ("Stipulation") is entered into between Plaintiffs ("Collective Action Representatives"), as representatives of the Collective Action described herein, through their attorneys, and Defendants

### I.   FACTUAL BACKGROUND

A. On October 5, 2012, Collective Action Representatives filed a First Amended Complaint in the United States District Court, Southern District of Mississippi, entitled *Derius Harris, et al, on behalf of themselves and all others similarly situated, v. Hinds County Mississippi, et al*(the "Lawsuit"). Generally, the Plaintiffs allege that Defendant negligently failed to follow the Fair Labor Standards Act ("FLSA"), and did not pay individuals all of the overtime wages they were due. The Lawsuit alleges that Defendants did not properly adopt a compensatory time policy or accurately keep track of compensatory time earned.

B. On November 19, 2014, the Collective Action Representatives reached a tentative settlement with Defendants. The settlement memorialized herein reflects that settlement. At all times, the parties' settlement discussions were non-collusive and at arms' length.

C. After the Lawsuit was filed, both parties exchanged pre-discovery disclosures of information, propounded written discovery, and took depositions. Defendants responded to Collective Action Representatives' Requests for Production and Interrogatories, and opposed Plaintiffs' request for this collective action to be granted.

D. Based on a review and analysis of the relevant facts and controlling legal principles and discovery and the risks and uncertainties present in this litigation, Collective Action Representatives have concluded that the terms and conditions of this settlement are fair, reasonable, adequate and beneficial to and in the best interests of the Collective Action Representatives and potential collective action members. Therefore, the Collective Action Representatives have agreed to settle the Lawsuit pursuant to the terms and provisions of the stipulation as described herein. In particular, Collective Action Counsel have concluded that the settlement provides Collective Action Representatives and potential collective action members with relief as beneficial to them, if not more so, than could have been achieved by litigating to a successful outcome, balanced against the chances of winning and the risk of losing.

Defendants denies all liability or wrong doing with respect to any and all of the claims alleged in the Lawsuit, but considers it desirable that the Lawsuit be settled subject to the terms and conditions herein, because such settlement will (1) eliminate the risk, expense, inconvenience and distraction of continued litigation of the Lawsuit; (2) finally settle and/or extinguish the claims asserted in the Lawsuit; and (3) eliminate any uncertainty that may exist as a result of the pendency of the Lawsuit.

The Collective Action Representatives acknowledge and agree, for themselves and for those they represent, that this Agreement constitutes a compromise and settlement of doubtful and disputed claims. The Collective Action Representatives, for themselves and for those they

represent, further acknowledge and understand that Defendants denies each and every allegation made by them in the Lawsuit.

Accordingly, the parties agree, covenant and represent that this Agreement shall not be treated, at any time and for any purpose, as an admission of liability or wrong doing of any kind whatsoever by Defendants. Collective Action Representatives, for themselves and for those they represent, and Defendants intend that, except as necessary to carry out the terms of this settlement, this Stipulation shall be, without written consent from Defendants, inadmissible in any proceedings pursuant to Federal Rule of Evidence 408 and corresponding or similar state law rules of evidence.

## II.     CONDITIONS PRECEDENT TO EFFECTIVENESS OF STIPULATION

A.     This Stipulation will become final and effective only upon the occurrence of all of the following events:

1.     The Court enters an Order: (a) granting preliminary approval of this Stipulation, (b) certifying the class defined in Section III;

2.     Defendants delivers the settlement consideration (described in Section IV) to the Collective Action counsel as provided in Section IV;

3.     Defendants provides Collective Action Counsel with all required information concerning the class as provided in Section V;

4.     The Court enters an Order granting final approval of this Stipulation.

B.     The Collective Action Representatives and Defendant shall have the right to terminate this stipulation if any of the conditions described in Sections II(A)(1) or (4) are not met. The Collective Action Representatives (but not Defendants" shall have the right to terminate this Stipulation if any of the conditions described in Sections II(A)(2) or (3) are not

met. The termination of this paragraph shall be effective by personally serving on the other parties a written Notice of Termination identifying the condition that was not met, not later than five (5) court days following the failure of the condition. Untimely notice regarding the failure to satisfy a condition shall be deemed a waiver. Unless the Court orders otherwise, upon the service of a valid notice of termination, and upon failure to cure within five (5) business days following service of the notice, the Stipulation shall be deemed void *ab initio* and shall be of no further force or effect.

### III.   CLASS CERTIFICATION

For settlement purposes only, the parties stipulate to certification of a collective action to consist of all individuals employed in non-supervisory positions for Defendants in the three years prior to March 2014.

### IV.   SETTLEMENT CONSIDERATION

The parties agree that each Collective Action Representative and collective action members will receive a sum, based on an hourly basis as follows:

**CLASSES:**

**Class 1 - Named Plaintiffs:**

Each of the three named Plaintiffs will receive the total amount of damages they identified in their pre-discovery disclosures. The named Plaintiffs will also receive neutral references from Defendant to any potential employer that will only include confirmation of their employment, the positions they held, and the years of their employment.

**Class 2 - Former employees with documented unpaid compensatory time:**

Defendants have identified several former employees that were not paid for all compensatory time when their employment ends.  These individuals will be paid for that compensatory time based on the following amounts if they opt-in to the current case:

1. Iris Clark          214.25
2. Warren Finch        385
3. Kenneth Ledford     190.75

**Class 3 – Former employees with no documented unpaid compensatory time:**

There are several individuals that are alleged to be owed overtime, but the records to substantiate those claims do not exist as Defendants failed to keep accurate time records.  All other former employees not identified in Class 2 that opt-in to the current case will be paid for 160 hours of work based on their last hourly rate while working for Defendants.  The estimate opt-in rate is 65% of the potential class members.  If fewer individuals opt-in than are expected and there are additional monies left over in the overtime funds, the amounts to be paid to Class 3 opt-in members will be prorated upward to a maximum of 450 hours, which would be approximately a 25% opt-in rate.  If any money is left over in the overtime fund after paying class members it will be returned to Defendant.  If more individuals opt-in than expected and there are not enough monies in the overtime funds to pay each Class 3 member for 160 hours, the amounts to be paid to Class 3 opt-in members will be prorated downward until that amount equals what is designated for overtime funds.

**Class 4 – Current Employees.**

All current employees of Defendants that opt-in to the Litigation will be given 160 hours of compensatory time.  If the Class 3 members receive more than 160 hours of pay based on their amounts being prorated upward, the Class 4 members will receive the equivalent upward

prorated amount of compensatory time. For example, if the Class 3 members actually receive compensation for 200 hours of work, the Class 4 members will receive 200 hours of compensatory time. Class 4 members compensatory time awarded will not be prorated downward if Class 3 members amount received is prorated downward based on lack of funds in the overtime fund.

### Settlement Fund

Defendants will pay a total amount of $600,000.00 to the settlement fund to be paid as general damages, which will be held in a trust account by Watson & Norris, PLLC until disbursements to class members shall be made. Defendants will pay this total amount in two installments. The first payment by Defendants will be made on April 1, 2015, and second payment will be made on November 1, 2015. The estimated value of the compensatory time awarded to Class 4 members is $600,000.00.

After the opt-in period is closed Collective Action Counsel will determine the amounts to be paid to each class member. Class 1 and 2 members will be paid first out of the settlement funds, and will be issued checks by June 1, 2015. Class 3 members will then receive the remainder of the overtime fund. Class 3 members will receive two payments because of Defendants paying in two installments. The first payment will be made on June 6, 2015. The second payment will be made on November 23, 2015.

The settlement consideration shall also include attorneys' fees for Collective Action Counsel in the amount of $400,000.00, which is 25% of the estimated value of the total settlement. Moreover, the settlement consideration shall include injunctive relief as follows:

1. Defendants will adopt a compensatory time policy that does not allow employee to accumulate more than 480 hours of compensatory time. When an employee exceeds

    the 480 compensatory time limit that employee will be paid overtime wages instead of compensatory time;

2. Defendants will not require employees to seek permission to be awarded compensatory time. If an employee works enough hours to be awarded compensatory time, the employee will receive whether or not the employee was approved to work the time;

3. Defendants will require all employees to accurately record their time, and will eliminate any practice of supervisor inputting time for employees;

4. Defendants will not require employees to attend any meetings without allowing employees to first clock-in; and

5. When an employee ends his/her employment that employee will be paid for all compensatory time that he/she has accumulated.

### V.   CLAIMS PROCEDURE

    A.   No later than March 10, 2015, Defendants shall provide Collective Action Counsel with a list setting forth the name and last known address of every individual employed as a non-supervisory employees from March 2011 until the present. The list will be based on Defendant's computer records, which show the current position being held by current employees and the last position held by former employees.

    B.   No later than March 15, 2015, the Collective Action Counsel shall mail to each individual contained in the list described in paragraph IV the Opt-In Consent Form (Exh. 1).

    C.   As a condition of receiving settlement proceeds under this stipulation, collective action members must complete the Opt-In Consent Form and submit that form to the Collective Action Counsel postmarked by May 15, 2015. Any individual who fails to submit a timely and

complete Opt-In Consent Form pursuant to this paragraph shall forfeit his right to settlement benefits under this Stipulation.

D. Upon receiving the timely opt-in forms Collective Action Counsel will file them with the Court. No later than March 10, 2015, Defendant's counsel shall forward a copy of the Opt In Plaintiffs' relevant payroll data to Collective Action Counsel.

E. This Agreement is a final and binding resolution of any and all claims for wages that may be asserted on behalf of Collective Action Representatives and collective action members against Hibbett.

## VI. DISMISSAL WITH PREJUDICE

No later than five (5) court days following entry of the order granting final approval of the settlement, the Collective Action Representatives shall dismiss the Lawsuit, with prejudice, but allowing the Court to retain jurisdiction to enforce the settlement, if necessary. Collective Action Counsel and Collective Action Representatives agree to file any and all other pleadings necessary to effectuate full and final dismissal and settlement of the Lawsuit.

## VII. RELEASE OF CLAIMS AND COVENANT NOT TO SUE

Upon satisfaction or waiver of the conditions set forth in Section II, the Collective Action Representatives and collective action members, on behalf of themselves and each of their heirs, representatives, successors and assigns, are deemed to release and discharge Defendant, and each of its officers, directors, employees, shareholders, agents, representatives, successors, assigns, parents, subsidiaries, affiliated companies, insurers and attorneys (collectively "the Released Parties"), from all claims, damages, liabilities, equities and causes of action of whatever kind and character, both known and unknown, disclosed and undisclosed, suspected and unsuspected, actual and consequential, arising out or in any way connecting with the payment of or failure to

pay wages to the Collective Action Representatives and members, including but not limited to any cause of action under federal, state or local laws governing the payment of wages, including but not limited to common laws of claims of negligence and conversion, claims under the FLSA, claims based on contract, tort or public policy and all claims and allegations in the Lawsuit.

The release provisions set forth above may be pleaded as a full and complete defense to, and may be used as the basis for injunction against, any action, suit, claim or other proceeding of any type which may be prosecuted, initiated or attempted in violation of the terms of this General Release.

### X.  MISCELLANEOUS PROVISIONS

A.  All the parties have been represented by counsel throughout all negotiations which preceded the execution of this stipulation and this stipulation is made with the consent and advice of counsel.

B.  The Collective Action Representatives and Defendants waive the right to seek any form of appellate review over any order or judgment that is consistent with the terms of this stipulation.

C.  This Stipulation may not be modified or amended except in writing, signed by the respective counsel of record for the parties and as approved by the Court.

D.  The parties and their respective attorneys shall proceed diligently to prepare and execute all documents, to seek the necessary court approvals and do all things necessary to consummate the settlement provided herein.

E.  This stipulation constitutes the entire agreement between the parties concerning the subject matter hereof.  No extrinsic oral or written representation or term shall modify, vary or contradict the terms of this Stipulation.

F.	This Stipulation shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the state of Mississippi, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of Mississippi.  This Agreement is deemed to have been drafted jointly by the parties.  Any ambiguity shall not be construed for or against any other party based on attribution of drafting of any parts.

G.	In the event that legal action arises out of this Stipulation or is necessary to enforce any of the terms or provisions of this Stipulation, the prevailing party in the action shall be entitled to recover its reasonable attorneys' fees and costs.

H.	Each individual signing this Stipulation warrants that he or she is expressly authorized to enter into this Stipulation on behalf of the party for which that individual signs.

Dated:  March 6, 2015

/s Nick Norris
Nick Norris Esq.
WATSON & NORRIS, PLLC
1880 Lakeland Drive
Suite G
Jackson, MS  39216

COUNSEL FOR PLAINTIFFS


/s Pieter Teeuwissen
Pieter Teeuwissen, Esq.
SIMON & TEEUWISSEN, PLLC
621 E. Northside Drive
Jackson, Mississippi 39206

COUNSEL FOR DEFENDANT