# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

_____

**DERIUS HARRIS, RAY MARSHALL, AND FREDERICK MALONE,**
**INDIVIDUALLY AND ON BEHALF OF ALL OTHERS**
**SIMILARLY SITUATED**                                                     **PLAINTIFFS**

**V.**                                   **CIVIL ACTION NO. 3:12-CV-542-CWR-LRA**

**HINDS COUNTY, MISSISSIPPI D/B/A**
**HINDS COUNTY SHERIFF'S DEPARTMENT,**
**MALCOLM MCMILLAN AND TYRONE LEWIS**
**IN THEIR OFFICIAL CAPACITIES**
**AS THE FORMER AND CURRENT SHERIFFS OF**
**HINDS COUNTY, MISSISSIPPI**                                   **DEFENDANTS**
_____

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT
_____

Plaintiffs, individually and on behalf of all other similarly-situated current and past employees of Defendants file this Motion to Enforce Settlement:

1) On March 6, 2015, the parties entered into a stipulation of settlement and release. [Doc. 43]. As part of the settlement class 4 opt-in members, which are current employees, would receive compensatory time as part of the settlement. The total amount of compensatory time for each class 4 opt-in member ended up being 301.5 hours.

2) On March 26, 2015, Opt-in Plaintiff John Taylor timely signed and turned in his opt-in form. See John Taylor Opt-in Form, attached hereto as Exhibit "A."

3) In accordance with the settlement agreement Defendants added 301.5 hours of compensatory time to Mr. Taylor's compensatory time bank since he is a current employee.

4) In addition to awarding compensatory time in the settlement, the Defendants agreed to implement a compensatory time policy that placed a limit of 480 hours on the amount of compensatory time an employee can accrue. [Doc. 43 at p. 6-7]. Once an employee reaches that limit Defendants would pay the employees overtime instead of compensatory time. *Id*.

5) When Defendants added 301.5 hours of compensatory time to Mr. Taylor's compensatory time bank it caused Mr. Taylor's compensatory time to increase to 558.25 hours of compensatory time. *See* John Taylor paycheck stub, attached hereto as Exhibit "B."

6) Plaintiff's counsel has notified Defendant on numerous occasions that Mr. Taylor and other employees must be paid for any compensatory time over the 480 hour limit. Each time Defendant has insisted that it would correct the situation. However, now over 4 months after Mr. Taylor's compensatory time has exceeded 480 hours Defendant has still not correct the issue.

7) As such, Plaintiff John Taylor requests that the Court enter an Order requiring Defendants to immediately pay Mr. Taylor and any other employee of the sheriff department for any compensatory time that exceeds the 480 hour limit.

Respectfully submitted,

/s/ Nick Norris

Nick Norris - MS Bar # 101574
Watson & Norris, PLLC
1880 Lakeland Drive
Suite G
Jackson, MS 39216
Telephone: 601/968-0000
Fax: 601/968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, NICK NORRIS, attorney for the Plaintiffs, do hereby certify that I have this day served via ECF filing or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record:

SO CERTIFIED, this the 6th day of October 2015.

s/ Nick Norris<br>NICK NORRIS